In the Matter of the Claim of JONATHAN WOOD, Appellant, against BOARD OF EDUCATION OF THE CITY OF NEW ROCHELLE et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 13, 1943.

*Benjamin C. Harvey* for claimant-appellant.

*George J. Hayes, William F. O'Rourke* and *Victor Fiddler* for employer and insurance carrier-respondents.

*John J. Bennett, Jr., Attorney-General,* for State Industrial Board, respondent.

*Per Curiam.* Appeal by a claimant from an award of $8 a week for partial disability, on the ground that it is inadequate. Claimant was employed as a chauffeur by the Board of Education and had civil service status. He was injured on September 30, 1936, and has been the recipient of several awards, some for partial, others for total, disability.

This appeal involves the period from May 6, 1939, to July 1, 1939, and from August 1, 1939, to December 3, 1940, and is for the minimum of $8 a week. During that period claimant has worked only for his former employer. His pay has been at the rate which he received prior to his injury, but his disability has been such that he could only perform light tasks. It is not questioned that he suffers partial disability, nor is it asserted that he has refused any work offered. The Board

found, with evidence to sustain it, that his weekly wage prior to his injury was such as to entitle him to a compensation rate of $21.59 for total disability. The proof of actual earnings is limited to the period between May 1, 1939, and April 30, 1940. His earnings in the light employment for the month of July were such that no award was made, and excluding that month, the payment for the above period has averaged $7.86 a week. Having in mind the provisions of subdivision 5-a of section 15 of the Workmen's Compensation Law that wage earning capacity of an injured employee is, under the conditions here present, to be determined by actual earnings, the $8 a week minimum award is inadequate.

The award should be reversed, with costs to the appellant against the State Industrial Board, and the matter remitted for the making of an adequate award.

Award reversed with costs to the appellant against the State Industrial Board, and the matter remitted for the making of an adequate award.

All concur.